UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
-------------------------------------------X
Joseph Galimidi,

                Plaintiff,        Civil Action No.:_____

     against

Doctors Business Bureau,         **COMPLAINT AND DEMAND**
                                                      **FOR TRIAL BY JURY**

                Defendant.
-------------------------------------------X

Plaintiff Joseph Galimidi ("Plaintiff" or "Galimidi"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Doctors Business Bureau ("Defendant" or "DBB"), respectfully sets forth, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3. Venue is proper in that Plaintiff resides in the County of Miami-Dade and Defendant is subject to personal jurisdiction in the State of Florida because it maintains its principal place of business within the State of Florida.

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's

1

conduct violates the FDCPA should be judged from the standpoint of the 'least sophisticated consumer". See Clomon v. Jackson, 988 Fd 1314 (2d Cir. 1993)

## PARTIES

5. Plaintiff is a natural person maintaining his residence at 20016 NE 36th Place, Aventura, Florida 33180, Miami-Dade County, State of Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(5).

6. Defendant is a domestic corporation engaged in the business of collection firm with a principal place of business at 202 North Federal Hwy Lake Worth, Florida 33460.

7. DBB is and was at all relevant times a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Obligation).

12. The Alleged Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, household, or family purposes.

13. On or about January 18, 2012, the Plaintiff sent a letter to the Defendant formally disputing the Alleged Obligation and requesting validation of the debt (the "Dispute Letter").

14. The Dispute Letter was mailed to Defendant via certified mail, return receipt requested.

15. Upon information and belief, the Letter was received by the Defendant.

16. Despite having received the formal dispute and request for verification, Defendant willfully failed to provide verification information requested by the Plaintiff.

17. Defendant willfully failed to report the debt to the credit bureaus as disputed.

18. Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. § 1692e(8), which prohibits a debt collector from "communicating false credit information, including the failure to state that a disputed debt was disputed".

19. The Federal Trade Commission has established "Of course, if a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by Section 1692e(8) to inform the consumer reporting agency of the dispute." See LeFevre-Cass FDCPA Opinion Letter dated December 23, 1997.

20. Plaintiff's credit report did not reflect the dispute within a reasonable amount of time after receipt of the letter.

21. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged and continues to suffer such damages.

22. A good faith effort was made to resolve this matter prior to commencement of the litigation.

## FIRST CAUSE OF ACTION

## (Violations of the FDCPA)

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA, including but not limited to 15 U.S.C. §1692e(8).

25. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph Galimidi demands judgment against the Defendant Doctors Business Bureau, as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 14, 2013

Respectfully submitted,

By: s/Jerald Belofsky
    Jerald Belofsky, Esq.
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com